APPLICATION OF MINNIE LEVY ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE NO. 75129

Memorandum filed March 20, 1951

*Chester T. Corse,* of New Haven, for Robert M. Still, Louis Still and Isadore Still.

*Thomas R. Robinson,* of New Haven, for Minnie Levy, Fay V. Rubin, Robert M. Still, Louis Still and Isadore Still.

KING, J.   This is a proceeding brought under General Statutes, § 8149, by the specific devisees of certain parcels of land disposed of under the sixth item of the will, dated June 27, 1947, of Hyman Still, late of Bethany, who died July 19, 1949. Distribution of the property has been made.   The parcels are particularly described in said sixth item.   All of the specific devisees, including the residuary devisees and all the heirs at law of the decedent, have joined in, and are parties to, this proceeding.

Parcel 1 was devised to the testator's daughters, Minnie Levy and Fay V. Rubin, in equal shares, "to belong to them absolutely and forever."   Parcels 2, 3 and 4 were separately and respectively devised to the testator's three sons, Robert M. Still, Louis Still and Isadore Still, and in each instance the devise carried the language "to belong to him absolutely and forever."

In a succeeding, separate paragraph of the same item occurred the following language:   "I do hereby direct that none of the above parcels of real estate shall be sold, transferred, mortgaged, leased and/or rented out, by any of the foregoing devisees for a period of ten (10) years from the date of my death."

This action is brought primarily to have determined the question of the validity of the restraint on alienation hereinbefore quoted.

No possible reason for the imposition of any restraint on alienation to say nothing of one running until July 19, 1959, is disclosed in the will nor appears from the surrounding circumstances or the condition of the devisees.   This entirely distinguishes the case from such cases as *Hemingway* v. *Hemingway,* 22 Conn. 463, 469.   All parcels except number one are tracts of undeveloped land.   On parcel number one there is an unoccupied dwelling house which none of the devisees desires to occupy. The property, so restricted, can bring in no income, although carrying expenses and taxes, of course, continue.

All devisees stand on substantially the same footing so that the attempted restraint is either valid or invalid as to all parcels and all of the specific devisees and parties to this proceeding.

Each devise itself was clearly in fee simple, and its enjoyment cannot be curtailed by a subsequent clause purporting to restrain the alienation of the fee simple interest already given, at least unless· such subsequent clause is equally positive, unequivocal and direct. *Colonial Trust Co. v. Brown*, 105 Conn. 261, 278; *Burr v. Tierney*, 99 Conn. 647, 653; *Merchants Bank & Trust Co. v. New Canaan Historical Society*, 133 Conn. 706, 715.

But even if it be assumed that here the restriction is unequivocally worded, it is settled law that an attempt to impose an absolute and total restraint on alienation upon a vested devise in fee simple is void. *Burr v. Tierney*, supra, 654. The only remaining question is whether the rule applies equally where, as here, the restraint, although complete and absolute during the period of its duration, is limited in time to a period (as here) of ten years. The weight of authority appears to be that the limitation in time will not make valid an absolute restraint, even for a far shorter period than that attempted here. 41 Am. Jur. 115. The cases are collected in 3 L. R. A. (N. S.) 668. This rule is applicable with particular force where, as here, there is no ascertainable justification for the limited restriction. Cleveland, Hewitt & Clark, Probate Law & Practice, § 430.

It follows that the purported restraint on alienation is void, and that, subject to any undischarged mortgage or other incumbrance, the parties to this action are the respective owners in fee simple, free from any restraint or restriction on alienation whatsoever, of the parcels respectively devised to them in said sixth item of the will.

Pursuant to the provisions of § 200 of the Practice Book a suitable judgment file should be prepared.